UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOCMAGIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1779MLM |
| | ) | |
| THE MORTGAGE PARTNERSHIP | ) | |
| OF AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is Defendant's Motion to Dismiss Count VII of Plaintiff's Amended Complaint. Doc. 22. Plaintiff filed a Memorandum in Opposition and Alternative Motion for Leave to File Second Amended Complaint. Doc. 24. Defendant filed a Reply to Plaintiff's Memorandum in Opposition and a Response to Plaintiff's Alternative Motion. Doc. 29. Plaintiff filed a Reply to Defendant's Response to Plaintiff's Motion for Leave to File a Second Amended Complaint. Doc. 32. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 11.

## BACKGROUND

Plaintiff alleges that its business consists of providing document preparation software used in the origination and processing of mortgage loans; that Plaintiff's product, DocMagic, permits mortgage brokers, mortgage bankers, and lenders to produce, deliver, and/or print mortgage loan documents via an automated software program; that Defendant is a national alliance of independent mortgage brokers which "leverages the combined strength of member companies to provide them with revenue-enhancing, cost-saving, and market-share-expanding opportunities"; that the products offered by Plaintiff fall within the genres of products and services secured by Defendant for its

members; that on about October 31, 2008, Plaintiff and Defendant entered into a written agreement ("the Contract") relating to the marketing and promotion of Plaintiff's products and services to Defendant's members; that the Contract imposed several obligations upon Defendant relative to Plaintiff's products and services, including the obligation to refer, market, and promote Plaintiff's products and services to Defendant's members and to encourage Defendant's members to purchase and use Plaintiff's products and services; that the Contract provided that Plaintiff would offer special discounted pricing for Defendant's members; that, prior to the parties' entering into the Contract, Plaintiff already had established business relationships with and provided services to twenty-four lenders who were also Defendant's members ("Pre-Existing Customers"); that Plaintiff's offering discounted pricing to Pre-Existing Customers was predicated upon Defendant's agreement to market and promote Plaintiff's products and services to all of its members; that the Contract provided that Plaintiff would pay Defendant a ten percent marketing fee on products or services purchased by members other than Pre-Existing Customers ("New Customers"); and that it was Plaintiff's understanding Defendant would not be entitled to a marketing fee for products and services for which Pre-Existing Customers had already undertaken contractual obligations to purchase. Plaintiff further alleges that it fulfilled its obligations pursuant to the Contract, including extending discounted pricing to Pre-Existing Customers; that Defendant has not made any efforts to market or promote Plaintiff's products and services to New Customers with the exception of an "e-mail blast and a written press release"; that Defendant breached its obligations under the Contract; that Defendant charged Plaintiff a marketing fee despite its not having undertaken efforts to market Plaintiff's products and services; and that, as a result of Defendant's breach, Plaintiff has suffered damages, which include losses incurred as a result of its extending discounted pricing to Pre-Existing Customers and marketing fees paid to Defendant.

Plaintiff's Amended Complaint includes seven Counts. Counts II through VII incorporate by reference the allegations of preceding Counts. In the pending Motion, Defendant seeks dismissal of Count VII, Fraud in the Inducement, on the ground the Plaintiff has failed to state a cause of action for fraudulent inducement and that, therefore, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant also contends that the allegations of Count VII are not set forth with sufficient particularity and should be dismissed pursuant to Fed. R. Civ. P. 9(b).

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §

1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also  Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted).  "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in the broader context.

Fed. R. Civ. P. 9(b) provides that when "alleging fraud [], a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

### LEGAL FRAMEWORK FOR FRAUDULENT INDUCEMENT

Fraudulent inducement is a subset of fraudulent misrepresentation. Bracht v. Grushewsky, 448 F. Supp. 2d 1103, 1110 (E.D. Mo. 2006); Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 763 (Mo. 2007) (en banc).  Missouri law provides that the elements of fraudulent misrepresentation are:

> (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity

4

of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury.

Harris v. Smith, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008) (citation omitted).

Fraudulent inducement occurs when fraudulent misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved. Bracht, 448 F. Supp. 2d at 1110; Hess, 220 S.W.3d at 763. Thus, to establish a cause of action for fraudulent inducement of a contract, as alleged in Count VII of its Amended Complaint, Plaintiff must establish that: (1) Defendant "made certain material representations" to Plaintiff; (2) "such representations were false when made"; (3) Defendant knew the representations were false; (4) "the representations were made with the purpose of deceiving" Plaintiff; (5) Plaintiff was, "in fact, deceived"; (6) Plaintiff's "reasonably relied on [Defendant's false] representations in signing the [Contract]"; and (7) Plaintiff "suffered damages as a proximate result of the fraudulent misrepresentations." Trotter's Corp. v. Ringleader Rests., Inc., 929 S.W.2d 935, 939 (Mo. Ct. App. 1996) (citing ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 386 (Mo 1993) (en banc)).

As suggested by Defendant, for misrepresentations to be the basis of Plaintiff's allegation of fraudulent inducement, the alleged misrepresentations "must relate to a past or existing fact." Id. at 940 (citing Titan Const. Co. v. Mark Twain Kansas City Bank, 887 S.W.2d 454, 459 (Mo. Ct. App.1994)). Predictions of the future "cannot be the subject of a fraud action." Id. (citing Titan, 887 S.W.2d at 459). "In particular, predictions and opinions regarding future profitability of a business cannot form a basis for fraud as a matter of law" Id. (citing Zar v. Omni Industries, Inc., 813 F.2d 689, 692-693 (5th Cir. 1987); Kelly Tire Service, Inc. v. The Kelly-Springfield Tire Company, 338 F.2d 248, 252-253 (8th Cir. 1964)). Additionally, "[m]ere statements of opinion, expectations, and predictions for the future are insufficient to authorize a recovery for fraudulent misrepresentation. Id. (citing Arnott v. Kruse, 730 S.W.2d 597, 600 (Mo. Ct. App. 1987)). See also Midwest Printing v.

5

AM Intern., Inc., 108 F.3d 168, 170 (8th Cir. 1997) ("[M]ere expressions of opinion or 'puffing' []

are not actionable representations.") (citing Rich v. Eastman Kodak Co., 443 F. Supp. 32, 37 (E.D.

Mo.1977); McAlpine Co. v. Graham, 320 S.W.2d 951, 955 (Mo. Ct. App. 1959)).

On the other hand, "a promise to take future action" may be actionable where "the maker"

presently intended not to perform. Trotter's, 929 S.W.2d at 940 (citing Titan Const. Co. v. Mark

Twain Kansas City Bank, 887 S.W.2d 454, 459 (Mo. Ct. App. 1994)). See also Kenley v. J.E. Jones

Cosnt. Co., 870 S.W.2d 494, 497 (Mo. Ct. App. 1994) ("The critical element [of fraudulent

misrepresentation] is proof that the defendant at that time did not intend to perform consistently with

the statements."); Kincaid Enters., Inc. v. Porter, 812 S.W.2d 892, 900 (Mo. Ct. App. 1991) (holding

that fraudulent inducement requires "fraudulent intent in the making of a contract").

### DISCUSSION

In Count VII, Fraud in the Inducement, Plaintiff alleges that Defendant made certain material

representations to it, including that Defendant would refer, market, and promote Plaintiff's products

and services to Defendant's members; that Defendant's representatives would visit its members and

encourage them to use Plaintiff as their document provider; and that Plaintiff would get document

orders from a significant number of Defendant's loan closings.  The representations which Plaintiff

alleges as the basis for its claim of fraudulent inducement do not relate to any past or existing fact.

See Trotter's., 929 S.W.2d at 940.  Although these representations relate to future performance,

Plaintiff also alleges in Count VII that Defendant and its representatives knew the misrepresentations

were false when the representations were made. See Trotter's, 929 S.W.2d at 940;  Kincaid, 812

S.W.2d at 900; Titan, 887 S.W.2d at 459. Additionally, Plaintiff alleges that Defendant intended that

Plaintiff would enter into the Contract based on the alleged misrepresentations. See Trotter's, 929

S.W.2d at 940;  Kincaid, 812 S.W.2d at 900; Titan, 887 S.W.2d at 459. While Plaintiff does not

6

allege specific facts to support the allegation regarding Defendant's knowledge that the representations were false when made or the allegation that Defendant intended that Plaintiff would enter into the Contract based on these allegations, Rule 9(b) provides that allegations of malice, in regard to fraud, may be alleged generally.[1]

Plaintiff further alleges in Count VII that it was ignorant of the falsity of Defendant's misrepresentations; that it relied on the misrepresentations in making its decision to enter into the Contract and to offer discounted pricing to Defendant's members; that Plaintiff had the right to rely on these representations; and that as a result of Defendant's misrepresentations Plaintiff incurred damages. As such, the court finds that Plaintiff has sufficiently alleged a cause of action for fraudulent inducement in that the factual allegations of Count VII are enough to raise a right to relief above the speculative level. <u>Twombly</u>, 127 S. Ct. at 1964-65. Further, the court finds that Plaintiff has stated with sufficient particularity the circumstances constituting Defendant's alleged fraud. Fed. R. Civ. P. 9(b). The court finds, therefore, that Defendant's Motion to Dismiss should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count VII of Plaintiff's Amended Complaint is **DENIED**; Doc. 22

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion for Leave to File Second Amended Complaint is **DENIED**, as moot. Doc. 24

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
Dated this <u>8th</u> day of June, 2010.        UNITED STATES MAGISTRATE JUDGE

---

[1]     While Plaintiff has not alleged in the Amended Complaint a factual basis for its allegation that Defendant did not intend to perform and that Defendant knew the relevant representations were false at the time the parties entered into the Contract, Plaintiff will be required to establish such facts at trial.