# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DocMagic, Inc. | ) | |
| | ) | |
| | ) | |
|     Plaintiff(s) | ) | Case No. 4:09-CV-01779 MLM |
| | ) | |
| vs. | ) | |
| | ) | |
| The Mortgage Partnership of | ) | |
| America, L.L.C. | ) | |
| | ) | |
|     Defendant(s) | ) | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM (ORIGINAL)

COMES NOW Defendant The Mortgage Partnership of America, L.L.C. ("MPA"), by and through counsel, and for its answer to DocMagic, Inc.'s ("DocMagic") First Amended Complaint states as follows:

## General Allegations

1.   MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of DocMagic's First Amended First Amended Complaint and therefore denies the same.

2.   MPA admits the allegations contained in Paragraph 2 of DocMagic's First Amended Complaint.

3.   MPA admits the allegations contained in Paragraph 3 of DocMagic's First Amended Complaint.

4.   MPA admits the allegations contained in Paragraph 4 of DocMagic's First Amended Complaint.

1

5.    MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of DocMagic's First Amended Complaint and therefore denies the same.

6.    MPA admits the allegations contained in Paragraph 6 of DocMagic's First Amended Complaint.

7.    MPA admits the allegations contained in Paragraph 7 of DocMagic's First Amended Complaint.

8.    MPA admits the allegations contained in Paragraph 8 of DocMagic's First Amended Complaint.

9.    MPA admits the allegations contained in Paragraph 9 of DocMagic's First Amended Complaint.

10.   The Contract sets forth the obligations of both parties.  The Contract speaks for itself and therefore MPA denies the remaining allegations of Paragraph 10.

11.   MPA denies the allegations contained in Paragraph 11 of DocMagic's First Amended Complaint.

12.   MPA denies the allegations contained in Paragraph 12 of DocMagic's First Amended Complaint.

13.   MPA denies the allegations contained in Paragraph 13 of DocMagic's First Amended Complaint.

14.   MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of DocMagic's First Amended Complaint and therefore denies the same.

15.   MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of DocMagic's First Amended Complaint and therefore denies the same.

16.   MPA denies the allegations contained in Paragraph 16 of DocMagic's First Amended Complaint.

17.   MPA denies the allegations contained in Paragraph 17 of DocMagic's First Amended Complaint.

18.   MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of DocMagic's First Amended Complaint and therefore denies the same.

19.   MPA denies the allegations contained in Paragraph 19 of DocMagic's First Amended Complaint.

## Count I

## Breach of Contract

20.   MPA adopts and incorporates its answers to Paragraphs 1 through 19 as and for Paragraph 20 as if fully restated herein.

21.   MPA admits the allegations contained in Paragraph 21 of DocMagic's First Amended Complaint.

22.   MPA denies the allegations contained in Paragraph 22 of DocMagic's First Amended Complaint.

23.   MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of DocMagic's First Amended Complaint and therefore denies the same.

24.  MPA denies the allegations contained in Paragraph 24 of DocMagic's First Amended Complaint.

25.  MPA denies the allegations contained in Paragraph 25 of DocMagic's First Amended Complaint.

26.  MPA denies the allegations contained in Paragraph 26 of DocMagic's First Amended Complaint.

27.  MPA denies the allegations contained in Paragraph 27 of DocMagic's First Amended Complaint.

28.  MPA denies the allegations contained in Paragraph 28 of DocMagic's First Amended Complaint.

29.  MPA denies the allegations contained in Paragraph 29 of DocMagic's First Amended Complaint.

30.  MPA denies the allegations contained in Paragraph 30 of DocMagic's First Amended Complaint.

31.  MPA denies the allegations contained in Paragraph 31 of DocMagic's First Amended Complaint.

32.  MPA denies the allegations contained in Paragraph 32 of DocMagic's First Amended Complaint.

33.  MPA denies the allegations contained in Paragraph 33 of DocMagic's First Amended Complaint.

34.  MPA denies the allegations contained in Paragraph 34 of DocMagic's First Amended Complaint.

35.  MPA denies the allegations contained in Paragraph 35 of DocMagic's First Amended Complaint.

36.  MPA denies the allegations contained in Paragraph 36 of DocMagic's First Amended Complaint.

37.  MPA denies the allegations contained in Paragraph 37 of DocMagic's First Amended Complaint.

38.  MPA denies the allegations contained in Paragraph 38 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count I of DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Count II

## Breach of Duty of Good Faith and Fair Dealing

39.  MPA adopts and incorporates its answers to Paragraphs 1 through 38 as and for Paragraph 39 as if fully restated herein.

40.  MPA denies the allegations contained in Paragraph 40 of DocMagic's First Amended Complaint.

41.  MPA denies the allegations contained in Paragraph 41 of DocMagic's First Amended Complaint.

42.  MPA denies the allegations contained in Paragraph 42 of DocMagic's First Amended Complaint.

43.  MPA denies the allegations contained in Paragraph 43 of DocMagic's First Amended Complaint.

44.  MPA denies the allegations contained in Paragraph 44 of DocMagic's First Amended Complaint.

45.  MPA denies the allegations contained in Paragraph 45 of DocMagic's First Amended Complaint.

46.  MPA denies the allegations contained in Paragraph 46 of DocMagic's First Amended Complaint.

47.  MPA denies the allegations contained in Paragraph 47 of DocMagic's First Amended Complaint.

48.  MPA denies the allegations contained in Paragraph 48 of DocMagic's First Amended Complaint.

49.  MPA denies the allegations contained in Paragraph 49 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count II of DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Count III

## Rescission

50.  MPA adopts and incorporates its answers to Paragraphs 1 through 49 as and for Paragraph 50 as if fully restated herein.

6

51.  MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of DocMagic's First Amended Complaint and therefore denies the same.

52.  MPA denies the allegations contained in Paragraph 52 of DocMagic's First Amended Complaint.

53.  MPA denies the allegations contained in Paragraph 53 of DocMagic's First Amended Complaint.

54.  MPA denies the allegations contained in Paragraph 54 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count III of DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Count IV

## Declaratory Judgment

55.  MPA adopts and incorporates its answers to Paragraphs 1 through 54 as and for Paragraph 55 as if fully restated herein.

56.  MPA denies the allegations contained in Paragraph 56 of DocMagic's First Amended Complaint.

57.  MPA denies the allegations contained in Paragraph 57 of DocMagic's First Amended Complaint.

58.  MPA denies the allegations contained in Paragraph 58 of DocMagic's First Amended Complaint.

59.  MPA denies the allegations contained in Paragraph 59 of DocMagic's First Amended Complaint.

60.  MPA denies the allegations contained in Paragraph 60 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count IV of DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Count V

## Unjust Enrichment

61.  MPA adopts and incorporates its answers to Paragraphs 1 through 60 as and for Paragraph 61 as if fully restated herein.

62.  MPA denies the allegations contained in Paragraph 62 of DocMagic's First Amended Complaint.

63.  MPA denies the allegations contained in Paragraph 63 of DocMagic's First Amended Complaint.

64.  MPA denies the allegations contained in Paragraph 64 of DocMagic's First Amended Complaint.

65.  MPA denies the allegations contained in Paragraph 65 of DocMagic's First Amended Complaint.

66.  MPA denies the allegations contained in Paragraph 66 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count V of DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Count VI

## Tortious Interference

67.  MPA adopts and incorporates its answers to Paragraphs 1 through 66 as and for Paragraph 67 as if fully restated herein.

68.  MPA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of DocMagic's First Amended Complaint and therefore denies the same.

69.  MPA denies the allegations contained in Paragraph 69 of DocMagic's First Amended Complaint.

70.  MPA denies the allegations contained in Paragraph 70 of DocMagic's First Amended Complaint.

71.  MPA denies the allegations contained in Paragraph 71 of DocMagic's First Amended Complaint.

72.  MPA denies the allegations contained in Paragraph 72 of DocMagic's First Amended Complaint.

73.  MPA denies the allegations contained in Paragraph 73 of DocMagic's First Amended Complaint.

74.  MPA denies the allegations contained in Paragraph 74 of DocMagic's First Amended Complaint.

75.  MPA denies the allegations contained in Paragraph 75 of DocMagic's First Amended Complaint.

76.  MPA denies the allegations contained in Paragraph 76 of DocMagic's First Amended Complaint.

77.  MPA denies the allegations contained in Paragraph 77 of DocMagic's First Amended Complaint.

78.  MPA denies the allegations contained in Paragraph 78 of DocMagic's First Amended Complaint.

79.  MPA denies the allegations contained in Paragraph 79 of DocMagic's First Amended Complaint.

80.  MPA denies the allegations contained in Paragraph 80 of DocMagic's First Amended Complaint.

81.  MPA denies the allegations contained in Paragraph 81 of DocMagic's First Amended Complaint.

82.  MPA denies the allegations contained in Paragraph 82 of DocMagic's First Amended Complaint.

83.  MPA denies the allegations contained in Paragraph 83 of DocMagic's First Amended Complaint.

84.  MPA denies the allegations contained in Paragraph 84 of DocMagic's First Amended Complaint.

85.  MPA denies the allegations contained in Paragraph 85 of DocMagic's First Amended Complaint.

86.  MPA denies the allegations contained in Paragraph 86 of DocMagic's First Amended Complaint.

87.  MPA denies the allegations contained in Paragraph 87 of DocMagic's First Amended Complaint.

88.  MPA denies the allegations contained in Paragraph 88 of DocMagic's First Amended Complaint.

WHEREFORE, having fully answered Count VI of DocMagic's First Amended First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Affirmative Defenses

By way of further Answer and Affirmative Defenses, MPA states as follows:

1.  MPA has undertaken in good faith to list below all of the affirmative defenses it may have with respect to DocMagic's First Amended Complaint.  MPA reserves the right to re-evaluate, restate, delete and/or assert additional defenses to DocMagic's claims.

2.  The Contract, attached to DocMagic's First Amended Complaint as Exhibit A and incorporated herein by reference, required DocMagic to provide MPA "with a monthly statement along with the payment of the Marketing fee of all Products and Services purchased by the Members during the Term."

3.  DocMagic has failed to timely perform as required by the Contract.

The Contract provides:

4.  **Product Pricing**.  During the Term, DocMagic agrees to charge Members not more than the follow prices for the following Products and

11

Services:  (i) $19.50 per mortgage loan closing package purchased from DocMagic with zero (0) redraw fees for thirty (30) days from and after the purchase date; and (ii) $3.00 per pre-disclosure package. . . .

5. **Marketing Fee**.  In consideration of Lenders One's Marketing Efforts and other services provided to and for the benefit of DocMagic during the Term hereof, DocMagic shall pay Lenders One ten percent (10%) of all of DocMagic's revenue received from the purchase of the Products and Services referenced in Section 4(i) and (ii) above only by the Members during the Term (the "Marketing Fee").  DocMagic shall pay the Marketing Fee on or before the fifteenth (15th) day of each calendar month for revenue received by DocMagic during the month in which the revenue is received by DocMagic.  DocMagic shall also provide Lenders One with a monthly statement along with the payment of the Marketing Fee of all Products and Services purchased by the Members during the Term (the "Statement").

4.   DocMagic was first to breach the Contract by its failure to provide monthly reports of all products and services purchased by the Members during the term and by its failure to pay the required Marketing Fee for all products purchased by the Members.

5.   DocMagic's failure to provide monthly reports of all products and services purchased by the Members during the term and its failure to pay the required Marketing Fee for all products purchased by the Members as provided by the Contract constituted breaches of the contractual and statutory obligations of good faith and fair dealing.

6.   MPA fulfilled its contractual obligations to DocMagic.

7.   MPA marketing efforts included, but are not limited to, the following activities:

a.   Marketing DocMagic as a partner to its members in print and electronic marketing materials;

b.   Identifying DocMagic as a partner to its Members;

c.   Allowing DocMagic to participate and sponsor Member conferences;

12

     d.  Scheduling individual meetings between Members and DocMagic

         representatives at MPA's conferences.

     e.  Discussing DocMagic with individual members and potential Members;

     f.  Referring, marketing and promoting DocMagic, to its Members;

     g.  Providing DocMagic Member contact information;

     h.  Identifying DocMagic as a partner by press release; and

     i.  Allowing DocMagic to contact MPA Members directly and represent it

         was working with MPA.

8.   Any non-performance by MPA was directly caused by DocMagic's failure to perform, thereby making MPA's performance impossible and excused.

9.   DocMagic's claims are barred by the Contract and each and every allegation contained in MPA's Counterclaim set forth herein by reference.

10.  The Contract was terminated on December 1, 2009 thereby limiting any and all of DocMagic's alleged damages and potential recovery of same.

     The Contract provides:

**11.**     **Compensation Upon Expiration and Termination**.  If this Agreement expires or is terminated by any of the Parties hereto, the Parties agree that DocMagic shall pay Lenders One the Marketing Fee for the Products and Services purchased by members up to and including the effective date of termination/expiration.  The obligations set forth in this paragraph will survive the termination or expiration of this Agreement for any reason.

11.  DocMagic's equitable claims are barred by the doctrines of laches, unclean hands, estoppel, and waiver.

12.  DocMagic does not have a claim for unjust enrichment merely because it made a mistake in entering a contract.

13

WHEREFORE, having fully answered DocMagic's First Amended Complaint, The Mortgage Partnership of America, L.L.C. prays this Court dismiss DocMagic, Inc.'s First Amended Complaint with prejudice, and for such other and further relief as this Court may deem just and proper.

## Counter Claim

COMES NOW Defendant/Counter Claimant The Mortgage Partnership of America, L.L.C. ("MPA") and for its Counter Claim against Plaintiff DocMagic, Inc. ("DocMagic"), states as follows:

### Parties, Jurisdiction and Venue

1.    MPA is a limited liability company organized and existing pursuant to the laws of the State of Missouri, with its principal place of business in Missouri, and whose Members reside within the State of Missouri.  MPA uses and has registered the fictitious name of Lender's One with the Missouri Secretary of State's office.

2.    DocMagic is a corporation organized and existing pursuant to the laws of the State of California, with its principal place of business in California.

3.    The court has jurisdiction over this matter pursuant to 28 U.S.C.  1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 and pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in this District pursuant to 28 U.S.C.  1391 (b) and (c).

5.    The parties contractually elected the United States District court, Eastern District of Missouri as an appropriate venue should a dispute arise.

14

**General Allegations**

6.   MPA is a national alliance of leading independent mortgage bankers that leverages the combined strength of member companies to provide them with revenue-enhancing, cost-saving, and market-share-expanding opportunities" that provides mortgage related products and services to its Members on a cooperative basis.

7.   DocMagic provides software which is used in conjunction with the origination and processing of mortgage loans.  Its flagship product allows mortgage brokers to produce, electronically deliver and/or print mortgage documents via an automated software program.

8.   On or about October 31, 2008, MPA and DocMagic entered into a non-exclusive written agreement ("the Contract") which was attached to DocMagic's First Amended Complaint as Exhibit A and incorporated herein by reference.

9.   The Contract provides the following relevant provisions:

   a.   The Contract was for an initial three year term beginning on November 1, 2008 and terminating on October 31, 2011;

   b.   The Contract provides that as long as DocMagic was not in default of the Contract and subject to the confidentiality provisions contained in the Contract, MPA would supply DocMagic with a list of its current Members, refer, market and promote DocMagic's products and services to MPA Members and encourage MPA Members to purchase and use DocMagic's products and services;

   c.   In performing MPA's marketing efforts, MPA retained sole discretion to determine its own marketing strategy, subject to DocMagic's right to

15

review and approve the content of any marketing piece that referenced DocMagic's products or services;

d.  MPA made no representation that its Members would purchase or use DocMagic products or services nor that DocMagic was the sole provider of similar products or services to MPA's Members;

e.  As long as DocMagic was not in default under the Contract, DocMagic retained the right to contact MPA Members directly and represent that it was working with MPA to provide its products and services.  However, DocMagic was solely responsible for and retained sole authority for demonstrating its products and services to Members, and for its contract terms and billing of Members.

f.  DocMagic agreed to charge Members not more than (i) $19.50 per mortgage loan closing package purchased from DocMagic with zero redraw fee for thirty days from and after the purchase date and (ii) $3.00 per pre-disclosure package.

g.  DocMagic agreed to pay MPA ten percent of all of its revenue received from the purchase of the products and services by Members as described above, by the 15th day of each calendar month.

h.  DocMagic agreed to provide MPA with a monthly statement along with the payment of the Marketing Fee of all products and serviced purchased by the Members.

i.  As part of the agreement, DocMagic agreed to participate in two membership conferences per year and to pay a $2,000 conference fee per

16

conference to MPA, as well as its own costs and expenses incurred in attending the conferences.  Unpaid conference fees are subject to a late fee of two percent plus interest at the rate of ten percent per year.

j.   The Contract provides MPA with the right to audit DocMagic's records directly relating to purchases of the products and services and fees by MPA Members.  If the audit determined DocMagic underpaid its fees by more than five percent or failed to comply with the Contract terms, then DocMagic must assume the cost of the audit, including attorney's fees, and reimburse the Members the excess fees charged.

k.   The Contract also provides that if the agreement is terminated, DocMagic shall pay MPA its marketing fee through the effective date of termination.

10.  On June 15, 2009, MPA provided Notice of Default to DocMagic as required by the Contract.

11.  After MPA failed to correct the deficiencies contained in the Notice of Default, MPA terminated the Contract on December 1, 2009.

**Count I – Breach of Contract**

12.  MPA adopts and incorporates paragraphs 1 through 11 as if fully set forth herein.

13.  MPA and DocMagic entered into a valid and enforceable contract, legally binding upon the parties.

14.  MPA fulfilled its contractual obligations to DocMagic.

15.  MPA marketing efforts included, but are not limited to, the following activities:

17

  a. Marketing DocMagic as a partner to its Members in print and electronic marketing materials;

  b. Identifying DocMagic as a partner to its Members;

  c. Allowing DocMagic to participate and sponsor Member conferences;

  d. Scheduling individual meetings between Members and DocMagic representatives at MPA's conferences;

  e. Discussing DocMagic with individual Members and potential Members:

  f. Referring, marketing and promoting DocMagic, to its Members;

  g. Providing DocMagic Member contact information;

  h. Identifying DocMagic as a partner by press release; and

  i. Allowing DocMagic to contact MPA Members directly and represent it was working with MPA.

16. Despite MPA's performance of its obligations under the Contract, DocMagic failed to provide monthly statements of all products and services purchased by MPA Members during the term.

17. Despite MPA's performance of its obligations under the Contract, DocMagic failed to pay MPA ten percent of all DocMagic revenue received from the purchase of the products and services by Members, as required by the Contract.

18. Despite MPA's performance of its obligations under the Contract, DocMagic failed and refused to attend the second Member conference during 2009.

19. MPA has been damaged by DocMagic's failed performance and is entitled to receive all amounts due under the Contract plus interest.

::ODMA\PCDOCS\SL01\4746696\1

20.   Pursuant to the Contract, MPA is entitled to recover from DocMagic its reasonable attorneys fees, costs and expenses associated with this action.

WHEREFORE, Counter Claim Plaintiff/Defendant The Partnership of America, L.L.C. respectfully requests this Court enter judgment on Count I of its Counter Claim in its favor, award damages as provided in the Contract, interest, award attorney's fees, costs and expenses, and for such further relief the Court deems appropriate under the circumstances.

### Count II – Declaratory Judgment

21.   MPA adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

22.   MPA asserts this claim seeking interpretation of paragraph four and five of the Contract.

23.   All necessary and proper parties are before the Court for the resolution of this controversy.

24.   The Contract at issue unequivocally provides that MPA is entitled to ten percent of all DocMagic revenue received from the purchase of DocMagic products and services by MPA Members.

25.   After the Contract was underway, and after DocMagic had partially performed by paying the fee on all sales to MPA Members, including DocMagic's pre-existing customers, DocMagic asserted it was only required to pay the fee for sales to new customers.

26.   As a result, a justiciable case or controversy exists between the parties.

27.  Declaratory relief is necessary to declare the meaning of paragraphs four and five of the Contract and MPA has no adequate remedy at law.

28.  For these reasons, MPA respectfully requests this Court enter judgment against DocMagic, Inc. and in favor of The Mortgage Partnership of America, L.L.C. for the following:

    a.  A declaration that paragraphs 4 and 5 of the Contract require DocMagic to pay fees to MPA on all DocMagic's revenues generated from sale of products and services to MPA Members, not just new DocMagic customers;

    b.  For an award of reasonable attorneys fees;

    c.  For court costs and expenses;

    d.  For all other relief the Court deems appropriate under the circumstances.

### Count III – Unjust Enrichment

29.  MPA adopts paragraphs 1 through 28 as if fully set forth herein.

30.  Between approximately October 31, 2009 and December 1, 2009, MPA marketed and promoted DocMagic products to its Members without just compensation from DocMagic.

31.  DocMagic received the benefits of MPA's marketing efforts and will continue to receive the benefits of MPA's marketing efforts well beyond the termination of the Contract.

32.  DocMagic has recognized and acknowledge that MPA conferred benefits upon it.

33.  DocMagic has retained the benefits conferred by MPA, without compensating MPA for those benefits.

34.  MPA is justly entitled to receive due compensation for benefits conferred by MPA.

WHEREFORE, The Mortgage Partnership of America, L.L.C. respectfully requests this Court enter judgment in its favor on Count III of its Counter Claim for Unjust Enrichment and award an amount of restitution of not less than 10% of all DocMagic, Inc. revenue generated from the sale of products and services to The Mortgage Partnership Members through the date of judgment, plus interests, costs and expenses, and attorney's fees incurred herein, and for such further relief the Court deems appropriate under the circumstances.

Respectfully submitted,

GALLOP, JOHNSON & NEUMAN, L.C.

/s/ Angela N. Loehr
Angela N. Loehr, #81709
101 South Hanley, Suite 1700
St. Louis, Missouri 63105
Tel:  (314) 615-6000
Fax:  (314) 615-6001
anloehr@gjn.com
*Attorneys for Defendant*

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of July, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Shawn T. Briner
7733 Forsyth, Suite 1975
St. Louis, MO 63105

/s/  Angela N. Loehr
Angela N. Loehr, # #81709
Gallop, Johnson & Neuman, L.C.
101 S. Hanley, Suite 1600
St. Louis, MO  63105
(314) 615-6000

::ODMA\PCDOCS\SL01\4746696\1